I concur with the majority's disposition of Assignment of Error II, and would find that the three community control conditions imposed by the court on September 29, 2000, bear no relation to the crime of which appellant was convicted. However, I disagree with the majority's conclusion in Assignment of Error I that the court had no authority to impose additional conditions of community control at the September 25, 2000. In the entry of August 18, 2000, the court stated that appellant should be evaluated by the Stark Regional Community Correction Center (SRCCC), and if accepted, shall successfully complete any program recommended. The court further ordered that appellant remain at the Stark County jail until a bed is available with SRCCC. The court then stated that if appellant was not accepted into the SRCCC Program, the court would reconsider a further appropriate program. I would conclude that this is not a final judgment of sentencing. The court's sentence was conditional on appellant being accepted by SRCCC, and on a bed becoming available. Until these conditions were met, the court did not enter a judgment of sentence, and appellant had not begun to serve a community control sanction. I would conclude that the September 29, 2000, judgment of the court is the final judgment of sentence. Therefore, the court had authority to impose different or additional conditions of probation, which were not the same as those proposed in the order of August 18, 2000. However, I concur in the final result reached by the majority, as the three conditions bear no relationship to the crime. I would vacate the community control sanctions ordering appellant to complete the Melybrosia Program, receive psychiatric counseling, and have no contact with juveniles unless approved by his psychologist.
 ____________________ W. SCOTT GWIN, JUDGE